**Original Filed 12/19/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARY HELEN WOODSON,<br><br>          Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS MACHINES, INC.,<br><br>          Defendant. | Case Number C 05-3387 JF<br><br>ORDER[1] DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR MORE DEFINITE STATEMENT<br><br>[re: docket no. 49] |

Defendant International Business Machines, Inc. ("IBM" or "the company") moves to dismiss the first amended complaint after consolidation ("FAC-AC"[2]) of Plaintiff Mary Helen Woodson for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, IBM moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons discussed below, the Court will deny the

---

[1] This disposition is not designated for publication and may not be cited.

[2] The document filed by Plaintiff is entitled "First Amended Complaint." As IBM notes, the consolidation of the two actions renders calling this complaint the "First Amended Complaint" confusing. Accordingly, the Court will refer to this complaint as the "First Amended Complaint After Consolidation" or "FAC-AC."

Case No. C 05-3387 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR MORE DEFINITE STATEMENT
(JFLC1)

motion to dismiss without prejudice and grant the motion for a more definite statement.

## I. BACKGROUND

**1.    Procedural Background**

Two actions have been consolidated in this case.  The Court will discuss each in turn, and then will discuss the consolidated action.

  a.  Action One, Case Number C 05-3387 JF

Action One is based on allegations that IBM improperly terminated Plaintiff from her position on or about June 24, 2002, forcing her to find another position in the company.  Plaintiff filed a complaint in this action in the Santa Clara Superior Court on May 10, 2005, and filed a first amended complaint ("FAC") on July 8, 2005.  The FAC asserted claims for (1) age discrimination, (2) disability discrimination, (3) religious discrimination, and (4) breach of the covenant of good faith and fair dealing.  On the basis of diversity jurisdiction, IBM removed the action to this Court on August 19, 2005.  This action was numbered C 05-03387 JF (PVT).

On November 8, 2005, this Court granted IBM's motion to dismiss for failure to state a claim upon which relief may be granted.  Plaintiff's claim for religious discrimination was dismissed without leave to amend because Plaintiff conceded that this claim was time-barred.  Plaintiff's claims for age and disability discrimination were dismissed with leave to amend because Plaintiff did not allege any facts demonstrating how her transfer to a new position resulted in a substantial adverse change in the terms and conditions of her employment.  Plaintiff's claim for breach of contract was dismissed with leave to amend because Plaintiff did not allege how her transfer within the company breached any of the terms of employment recited in the FAC.  Plaintiff's claim for breach of implied covenant, which asserted that IBM's breach of contract was in bad faith, was dismissed because Plaintiff failed to allege adequately a breach of contract.

On December 5, 2005, Plaintiff filed a second amended complaint ("SAC").  The SAC asserted the following claims: (1) age discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*; (2) disability

2

Case No. C 05-3387 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR MORE DEFINITE STATEMENT
(JFLC1)

discrimination in violation of FEHA; (3) breach of employment contract; and (4) breach of the implied covenant of good faith and fair dealing. On December 22, 2005, IBM moved to dismiss the SAC for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion, and the Court heard oral argument on April 28, 2006. On May 2, 2006, the Court denied IBM's motion to dismiss and ordered it to answer the complaint within twenty days. IBM answered the SAC on May 22, 2006.

      b.     <u>Action Two, Case Number C 05-3939 JF</u>

Action Two involves allegations that IBM terminated Plaintiff's employment unlawfully in October 2003. On or about October 10, 2003, and again on or about September 28, 2004, Plaintiff filed an employment discrimination complaint with the California Department of Fair Employment and Housing ("DFEH"). In a right-to-sue letter dated September 28, 2004, the DFEH informed Plaintiff that she had the right to bring a civil action under California's Fair Employment and Housing Act ("FEHA") within one year. On September 28, 2005, exactly one year later, Plaintiff filed case number C 05-3939 JF, naming IBM as a defendant. The complaint asserted claims for (1) disability discrimination, (2) breach of employment contract, and (3) breach of the covenant of good faith and fair dealing. Plaintiff did not serve the complaint until April 26, 2006, 211 days after filing.

On May 16, 2006, IBM moved to dismiss the complaint in Action Two for untimely service or, alternatively, for a more definite statement of Plaintiff's first two claims for relief. Plaintiff opposed the motion, and the Court heard oral argument on July 21, 2004. On July 25, 2006, the Court denied IBM's motion to dismiss and granted the motion for a more definite statement ("July 25th Order"). The Court directed Plaintiff to clarify her statement of jurisdiction, her first claim for disability discrimination, and her second claim for breach of contract. The Court also consolidated the two actions under the case number assigned to Action One, C 05-3387 JF. The Court directed Plaintiff to file any amended complaint before August 25, 2006.

      c.     <u>The Consolidated Action, C 05-3387 JF</u>

1   On September 22, 2006, Plaintiff filed an administrative motion for extension of time to
2   file an amended complaint, attaching her proposed amended complaint.  On October 2, 2006, the
3   Court granted this motion and accepted the proposed amended complaint.  This complaint, the
4   FAC-AC, pertains to the termination of Plaintiff's employment in October 2003 and is the
5   subject of the present motion.  It asserts three claims for relief: (1) disability discrimination; (2)
6   breach of employment contract; (3) breach of the covenant of good faith and fair dealing.

7   The FAC-AC is an amended version of the Action Two complaint, rather than a
8   complaint that consolidates the claims of both actions.  This leaves two operative complaints in
9   the consolidated action: (1) the SAC, filed on December 5, 2005, that pertains to the termination
10  of Plaintiff's position in June 2002; and (2) the FAC-AC, filed on September 22, 2006, that
11  pertains to the termination of Plaintiff's employment in October 2003.

12  On October 19, 2006, IBM moved to dismiss the FAC-AC for failure to state a claim
13  upon which relief may be granted ("motion"), pursuant to Federal Rule of Civil Procedure
14  12(b)(6), or, alternatively, for a more definite statement.  Plaintiff opposes the motion.  The
15  Court heard oral argument on December 15, 2006.

16  **2.      Factual Allegations in the FAC-AC**

17  Plaintiff alleges the following facts in the FAC-AC:[3]  "The alleged discrimination and
18  unlawful acts occurred on or about October 8, 2002, through March 15, 2004."  FAC-AC ¶ 12.
19  Plaintiff had disabilities during this time in the form of physical and mental conditions including
20  clinical depression, migraines, and muscoskeletal problems that substantially limited major life
21  activities.  *Id.* ¶ 13.  Plaintiff was able and willing to perform to perform the functions of her job
22  at all times during the period of alleged discrimination.  *Id.* ¶ 14.  Plaintiff had received positive
23  performance reviews throughout her time working at IBM.  *Id.* ¶ 15.

24  On or about July 1, 2002, Plaintiff was transferred into Department L55.  *Id.*  This
25  transfer was effectively a demotion.  *Id.* ¶ 16.  Between approximately October 2002 and

---

27  [3] The Court expresses no opinion regarding the truth of the facts asserted by Plaintiff and
    detailed in this section.
28

4

Case No. C 05-3387 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR MORE
DEFINITE STATEMENT
(JFLC1)

December 2002, IBM authorized shortened and flexible work hours for Plaintiff within strict time limits. *Id.* ¶ 18. IBM informed Plaintiff that an independent medical examination would be arranged if she did not become able to work without limitation by late November 2002, but this examination did not occur. *Id.* ¶ 19. After December 4, 2002, IBM refused to provide any accommodation to allow Plaintiff to perform the essential functions of her job. *Id.* ¶ 20. IBM suggested that Plaintiff's back problems were psychological in nature but offered no reason for this opinion. *Id.* IBM refused to determine an effective accommodation for Plaintiff's disabilities and asserted that the Americans With Disabilities Act ("ADA") did not apply to her. *Id.*

After December 4, 2002, IBM required Plaintiff to work under conditions that aggravated her health problems. *Id.* ¶ 22. IBM characterized health-related absences as unexcused absences and thus deprived Plaintiff of medical and disability benefits. *Id.* IBM repeatedly ignored or refused Plaintiff's continued requests for accommodation, *id.* ¶ 23, and did not show that such accommodation would impose undue hardship on IBM. *Id.* ¶ 24. On January 20, 2003, Plaintiff received a lower evaluation than she had received at her former position. *Id.* ¶ 25. IBM told her that it was because of a learning curve and denied her appeal, noting that she had not failed to meet any requirements. *Id.* ¶¶ 25-26.

After the evaluation, IBM's attitude and conduct toward Plaintiff indicated that it intended to drive her from her job. *Id.* ¶ 27. Plaintiff's manager told her that she had to arrive at work at 8.30 a.m. each morning and checked that she did so, even though other employees did not have to arrive at this time. *Id.* ¶¶ 28, 31. Plaintiff's manager began to challenge her technical decisions. *Id.* ¶ 32. Ensuing criticisms of her performance were part of efforts to suggest that she had performance problems. *Id.* IBM treated Plaintiff differently from her co-workers in multiple ways in an effort to make her quit. *Id.* ¶¶ 33-36. When these attempts to make her quit did not work, IBM escalated its efforts and repeatedly told her that new requirements were conditions of her employment. *Id.* ¶¶ 36-38, 40. Plaintiff attempted to discover the extent of her conditions of employment, but was only directed to the IBM's website for Business Conduct

5

Case No. C 05-3387 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR MORE DEFINITE STATEMENT
(JFLC1)

1  Guidelines. *Id.* ¶ 41.

2  On or about September 15, 2003, IBM presented Plaintiff with a document stating that she had requested leave under the Family and Medical Leave Act, when in fact she had not. *Id.* ¶ 42. IBM told her to request leave by September 30, 2003, and to submit the required supporting medical documentation. *Id.* Plaintiff never expressed a desire to go on leave. *Id.* ¶ 44. When Plaintiff did not apply for unpaid FMLA leave, IBM terminated her employment on October 3, 2003. *Id.* ¶ 53.

Plaintiff appealed her termination, but IBM refused to reinstate her. *Id.* ¶ 54. Plaintiff filed charges with the California Department of Fair Employment and Housing ("FEH") on or about October 10, 2003, and September 28, 2004. *Id.* ¶ 55. Complaints were cross filed with the Equal Employment Opportunity Commission. *Id.* IBM made repeated false statements during the course of the investigation and presented no evidence of any performance problems. *Id.* ¶¶ 56-58. The FEH issued a Notice-of-Right-to-Sue Letter in the final quarter of 2004. *Id.* ¶ 60.[4]

## II. LEGAL STANDARD

**1.    Motion to Dismiss**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th

---

[4] Plaintiff writes: "The Department of Fair Employment and Housing issued a Notice-of-Right-To-Sue letter, which was received by Plaintiff on or about November 1, 2004, and September 28, 2004."

6

Case No. C 05-3387 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR MORE DEFINITE STATEMENT
(JFLC1)

Cir. 1995).

**2.     Motion for More Definite Statement**

Federal Rule of Civil Procedure 12(e) states that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e)

A Rule 12(e) motion will not be granted unless the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (D.C.Cal. 1981). A Rule 12(e) motion attacks the unintelligibility of a pleading, and not merely lack of detail. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (citation omitted). A pleading that satisfies the notice pleading standards of Rule 8 is sufficient to withstand a Rule 12(e) motion for a more definite statement. *Famolare* at 949 (denying motion because statement of exact dates of alleged misconduct was not required by Rule 8(e)); *see also Boxall v. Sequoia Union High School Dist.*, 464 F. Supp. 1104 at 1114 ("While defendant may not have been able to ascertain all the details of Plaintiff's case from the complaint, that is not the function of pleadings in the federal courts.").

### III. DISCUSSION

**1.     Motion to Dismiss**

IBM moves to dismiss the FAC-AC on the grounds that it does not articulate the statutory basis of the disability discrimination claim, that it does not include a clear jurisdictional statement, and that the disability claim fails as a matter of law.

The Court concludes that once again it must order Plaintiff to provide a more definite statement. Until it has a better understanding of the legal basis of Plaintiff's claims, it would be premature to decide whether Plaintiff may bring a claim for an act of discrimination that continues beyond the termination of Plaintiff's employment. Accordingly, the Court will deny

7

the motion to dismiss without prejudice to its renewal if Plaintiff provides a more definite statement pursuant to the discussion in the following section.

**2.    Motion for a More Definite Statement**

   a.    <u>Statement of Statutory Basis</u>

In the July 25th Order, the Court noted that "[t]he complaint does not identify any specific provisions of the ADA or Title VII that allegedly have been violated by Defendant." July 25th Order 7. IBM argues that Plaintiff has failed to comply with the July 25th Order because she does not specify in the FAC-AC the statutory section that she relies upon to support her disability-discrimination claim. Motion 4.

To be sure, the FAC-AC now cites at least seven statutory schemes. However, Plaintiff fails to identify which of her factual allegations apply to which "specific provisions of the ADA or Title VII that allegedly have been violated by Defendant." July 25th Order 7. It may be true, as Plaintiff alleges, that "[a]ll [the cited] statutes have to do with forbidding unlawful discrimination, providing for family and medical leave, and providing penalties for violations," Opposition 6, but such a broad allegation does not satisfy the requirements of Federal Rule of Civil Procedure 8. That rule requires that any complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(b)(2). Complaints that fail to make such a statement give inadequate notice to defendants of the alleged violations. Simply identifying a broad range of statutes applicable to the relevant subject matter is not an adequate substitute for informing a defendant of the rights it has allegedly violated.[5]

   b.    <u>Statement of Jurisdiction</u>

The Court observed in the July 25th Order that Plaintiff included multiple asserted bases of jurisdiction, including diversity jurisdiction and jurisdiction under 42 U.S.C. § 2000e-5. July

---

[5] The FAC-AC does include a large amount of detail. The problem is that Plaintiff does not "connect the dots" between the statutory provisions she lists and the specific facts that she believes show a violation of these provisions. The Court cannot act as counsel to Plaintiff, or tell her what legal claims she may have against IBM. Instead, Plaintiff must tell the Court and IBM which laws IBM violated by acting in the way she details. As discussed above, Plaintiff must do so with adequate specificity to allow IBM to respond to the allegations.

25th Order 5.  The Court found the statement of jurisdiction deficient because the latter asserted basis of jurisdiction did not correspond to a matching claim under the ADA  The Court directed Plaintiff to remedy this deficiency.

The FAC-AC includes a more extensive statement of jurisdiction than the earlier complaint.  First, Plaintiff asserts jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  FAC-AC ¶ 1.  Plaintiff continues:

> Additionally, this court has jurisdiction over this action pursuant to 29 U.S.C. § 2601 *et seq*., 42 U.S.C. § 2000e-5, per 42 U.S.C. §12117 *et seq.* because of Plaintiff's allegations of employment discrimination based on disability, which authorizes plaintiffs under 24 U.S.C. § 12117 to seek damages as under 42 U.S.C. § 2000e, *et seq*.; and pursuant to 2 U.S.C. § 1311 *et seq.*, which extends the rights and protections available under the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, and Title I of the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, and other Acts, as well as prohibiting acts of intimidation or reprisal.

*Id*.  This amended statement of jurisdiction is more extensive than the one the Court found deficient in the July 25th Order.  However, the inadequacy of Plaintiff's statement of the statutory basis for the disability claim makes it impossible to discern what legal claims Plaintiff has under federal law and, therefore, what bases of jurisdiction she may assert.  It appears that the Court has diversity jurisdiction over the matter,[6] but it cannot discern if other bases for jurisdiction exist.  Providing a clear statement of the statutory sections allegedly violated by IBM will allow Plaintiff to provide a clear statement of jurisdiction.  The FAC-AC does not provide such detail.

**IV. ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is DENIED WITHOUT PREJUDICE and the motion for a more definite statement is GRANTED.

---

[6] The existence of diversity jurisdiction is not before the Court and has not been challenged by IBM.  The Court perceives no reason for concluding that it does not exist.

1  Plaintiff shall file any amended complaint within thirty (30) days of the issuance of this order.[7]

4  DATED: December 19, 2006

```
                                          _____
                                          JEREMY FOGEL
                                          United States District Judge
```

---

[7] This deadline would be subject to a modification granted after a request to postpone previously scheduled deadlines.  Plaintiff requested additional time to proceed on this case as a result of her continuing health problems.  The Court told her to file any such request in writing with relevant supporting evidence from her doctor.  The Court does not express any opinion regarding the likelihood of success of such a request.

10

Case No. C 05-3387 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR MORE DEFINITE STATEMENT
(JFLC1)

1 | This Order was served on the following persons:

2 | Patrick C. Doolittle     patrickdoolittle@quinnemanuel.com

3 | Scott G. Lawson     scottlawson@quinnemanuel.com,
                     robertchang@quinnemanuel.com

Notice will be delivered by other means to:

Mary Helen Woodson
475 Milan Drive, #102
San Jose, CA 95134

11

Case No. C 05-3387 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING MOTION FOR MORE DEFINITE STATEMENT
(JFLC1)