**E-Filed 11/20/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARY HELEN WOODSON,<br><br>                  Plaintiff,<br><br>        v.<br><br>INTERNATIONAL BUSINESS MACHINES, INC.,<br><br>                  Defendant. | Case Number C 05–3387<br><br>ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND<br><br>[re: docket nos. 88, 93, 95] |

**I.  BACKGROUND[2]**

This case involves two separate actions.  Action One is based on allegations that IBM improperly removed Plaintiff from her former position on or about June 24, 2002, forcing her to find another position in the company.  Plaintiff filed her complaint in case number C 05-337 JF ("Action One") in the Santa Clara Superior Court on May 10, 2005, and filed a first amended

---

[1] This disposition is not designated for publication and may not be cited.

[2] The factual background of the consolidated actions is set forth in the Court's order dated December 19, 2006 and will not be repeated here.

1  complaint ("FAC") in that Court on July 8, 2005.  The FAC asserted claims for: (1) age

2  discrimination; (2) disability discrimination; (3) religious discrimination; and (4) breach of the

3  covenant of good faith and fair dealing.  IBM removed the action to this Court on the basis of

4  diversity of citizenship on August 19, 2005.

5       On November 8, 2005, this Court granted IBM's motion to dismiss for failure to state a

6  claim upon which relief may be granted.  Plaintiff's claim for religious discrimination was

7  dismissed without leave to amend because Plaintiff conceded that the claim was time-barred.

8  Plaintiff's claims for age and disability discrimination were dismissed with leave to amend

9  because Plaintiff did not allege any facts demonstrating that her transfer to the new position

10  resulted in a substantial adverse change in the terms and conditions of her employment.

11  Plaintiff's claim for breach of contract was dismissed with leave to amend because Plaintiff did

12  not allege how her transfer within the company breached any of the terms of employment recited

13  in the FAC.  Plaintiff's claim for breach of the implied covenant, which asserted that IBM's

14  breach of contract was in bad faith, was dismissed because Plaintiff failed to allege adequately a

15  breach of contract.

16       On December 5, 2005, Plaintiff filed a second amended complaint ("SAC").  The SAC

17  asserted the following claims: (1) age discrimination in violation of California's Fair

18  Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*; (2) disability

19  discrimination in violation of FEHA; (3) breach of employment contract; and (4) breach of the

20  implied covenant of good faith and fair dealing.  On December 22, 2005, IBM moved to dismiss

21  the SAC for failure to state a claim upon which relief may be granted.  Plaintiff opposed the

22  motion, and the Court heard oral argument on April 28, 2006.  On May 2, 2006, the Court denied

23  IBM's motion to dismiss and ordered it to answer the SAC within twenty days.  IBM filed its

24  answer on May 22, 2006.

25       Case number C 05-3939 JF ("Action Two") involves allegations that IBM terminated

26  Plaintiff's employment unlawfully in October 2003.  On or about October 10, 2003, and again on

27  or about September 28, 2004, Plaintiff filed an employment discrimination complaint with the

28  California Department of Fair Employment and Housing ("DFEH").  In a right-to-sue letter dated

2

1  September 28, 2004, the DFEH informed Plaintiff that she had the right to bring a civil action

2  under FEHA within one year.  On September 28, 2005, exactly one year later, Plaintiff filed

3  Action Two, naming IBM as a defendant.  The complaint asserted claims for (1) disability

4  discrimination, (2) breach of employment contract, and (3) breach of the covenant of good faith

5  and fair dealing.  Plaintiff did not serve the complaint until April 26, 2006, 211 days after it was

6  filed.

7       On May 16, 2006, IBM moved to dismiss the complaint in Action Two for untimely

8  service or, alternatively, for a more definite statement of Plaintiff's first two claims for relief.

9  Plaintiff opposed the motion, and the Court heard oral argument on July 21, 2006.  On July 25,

10  2006, the Court denied the motion to dismiss but granted the motion for a more definite

11  statement ("July 25th Order").  The Court directed Plaintiff to clarify her statement of

12  jurisdiction, her first claim for disability discrimination, and her second claim for breach of

13  contract.  The Court also formally consolidated the two actions under the earlier case number.

14  The Court directed Plaintiff to file any amended complaint before August 25, 2006.

15       On September 22, 2006, Plaintiff filed an administrative motion for extension of time to

16  file an amended complaint, attaching her proposed pleading.  On October 2, 2006, the Court

17  granted this motion and accepted the proposed amended complaint.  This pleading of the First

18  Amended Complaint After Consolidation (FACC) asserts three claims for relief: (1) disability

19  discrimination; (2) breach of employment contract; (3) breach of the covenant of good faith and

20  fair dealing.

21       On October 19, 2006, IBM moved to dismiss the FACC for failure to state a claim upon

22  which relief may be granted ("motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6), or,

23  alternatively, for a more definite statement.  On December 19, 2006, the Court issued an order

24  denying Defendant's motion to dismiss without prejudice and granting the motion for a more

25  definite statement, setting a deadline of January 18, 2007 for any amendment.  The Court

26  thereafter extended the deadline at Plaintiff's request and on July 20, 2007 Plaintiff filed the

27  operative Second Amended Complaint After Consolidation ("SACC").

28       The SACC contains the following claims: (1) age discrimination; (2) disability

1    discrimination; (3)violations of the family medical leave act and California Government Code;

2    (4) breach of employment contract; and (5) breach of covenant the covenant of good faith and

3    fair dealing.  On August 8, 2007, Defendant again filed a motion to dismiss or in the alternative

4    for a more definite statement.  On September 21, 2007, Plaintiff filed an opposition brief

5    requesting further leave to amend.  The Court heard oral argument on October 11, 2007.

6                                    **II.  LEGAL STANDARD**

7            For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

8    Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

9    *McKeithen*, 395 U.S. 411, 421 (1969).  Leave to amend must be granted unless it is clear that the

10   complaint's deficiencies cannot be cured by amendment.  *Lucas v. Department of Corrections*,

11   66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be

12   ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

13           "A court may dismiss a complaint only if it is clear that no relief could be granted under

14   any set of facts that could be proved consistent with the allegations."  *Hishon v. King &*

15   *Spaulding*, 467 U.S. 69, 73 (1984).  For purposes of a motion to dismiss, the plaintiff's

16   allegations are taken as true, and the Court must construe the complaint in the light most

17   favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The pleading of a

18   *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to

19   be afforded the benefit of any doubt.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi*

20   *v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).  Further, a *pro se* litigant

21   must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint

22   cannot be cured by amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir.

23   1995).

24

25                                      **III.  DISCUSSION**

26       **1.       First Claim**

27           Plaintiff's first claim alleges age discrimination under the Age Discrimination in

28   Employment Act and state law.  Defendant argues that this claim should be dismissed because

                                                 4

1   Plaintiff has not exhausted her administrative remedies as required by 29 U.S. C. § 2617 and Cal

2   Gov't Code § 12960, 12965(b).  Defendant has provided the Court with documents indicating

3   that the claims filed by Plaintiff with the EEOC related only to alleged disability discrimination

4   and made no mention of age discrimination.  Plaintiff did not respond to this argument in her

5   opposition to the motion.  However, at oral argument Plaintiff asserted that she did follow the

6   appropriate administrative procedures.  Because the Court will grant Plaintiff leave to amend her

7   other claims, Plaintiff may address this issue in an amended pleading.

8           **2.     Second Claim**

9               a.    <u>Prima Facie Case</u>

10          Plaintiff's second claim alleges discrimination under the Americans with Disabilities Act

11  ("ADA") and the FEHA.  To establish a prima facie case under the ADA the plaintiff must show

12  that she: (1) suffered from a disability; (2) was otherwise qualified to do her job; and (3) was

13  subjected to adverse employment action because of her disability.  42 U.S.C. § 1112(a); *see also*

14  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1090 (9th Cir. 2002).  The showing required

15  under FEHA overlaps with, but requires less than, the ADA.  Under the FEHA, "a plaintiff need

16  only show that she (1) suffers from a disability and (2) is a qualified individual."  *Roberts*, 2006

17  WL 4704616 at *10.  Defendant challenges two elements of Plaintiff's prima facie case,

18  contending that the SACC does not allege adequately that Plaintiff is disabled or that she has

19  been subjected to an adverse employment action.  These issues are discussed in turn below.

20              b.    <u>Disability</u>

21          Defendant argues that Plaintiff's claim that she was able to perform her job precludes a

22  finding that she is disabled.  Without citing any authority, Defendant asserts, "[i]f plaintiff was

23  able and willing to perform her job, she was not disabled."  Motion to Dismiss SACC at 10.  This

24  argument is not consistent with the definition of "disability" in either the ADA or FEHA.

25          Both the ADA and FEHA define disability as a physical or mental impairment that

26  "limits a major life activity."  42 U.S.C. § 1202(2)(A); Cal. Gov't Code § 1292(k)(B)(ii).  Under

27  FEHA,"major life activities shall be broadly construed and includes physical, mental and social

28  activities and working."  Cal. Gov't Code § 1292(k)(B)(iii).  The ADA provides a more specific

                                                5

definition, explaining that "major life activities" include "walking, seeing, hearing, and performing manual tasks." 45 CFR § 84.3(j)(2)(ii).  Additionally, the Supreme Court has explained that the ADA requires a *substantial* (not a total) limitation upon one's life activity:

> To qualify as disabled, a claimant must further show that the limitation on the major life activity is substantial. . . . According to the EEOC regulations, substantially limited means unable to perform a major life activity that the average person in the general population can perform; or significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition manner, or duration under which the average person in the general population can perform that same major life activity.

*Toyota Motor Mfg., Ky., Inc. v. Williams*, 122 S.Ct. 681, 690 (2002).[3]  In sum, to establish disability Plaintiff must identify some life activity she is unable to perform.  To proceed with her ADA claim, she must demonstrate further that she is either completely unable to perform or can do so in a significantly restricted manner when compared to the general population.

Defendant's argument does not fit within this framework.  Plaintiff's admission that she was able to perform her job does not preclude her claim of disability if she can allege some other limitation on life activity.  Plaintiff has alleged:

> Plaintiff has had a back problems affecting the musculoskeletal system and making it difficult for her to perform the major life activities of standing, walking, or sitting for extended periods.  These difficulties in turn limited her ability to perform the major life activity of working, using standard office furniture and equipment.

SACC at ¶ 13.  Plaintiff has identified specific major life activities that she is unable to perform.  Her allegations suggest that she is unable to reach the level of performance expected among members of the general population.  The Court thus concludes that Plaintiff has satisfied her burden of pleading a disability under both the ADA and FEHA.

c.    Adverse Employment Actions

---

[3]  At least one California court has held that the FEHA does not require a "*substantial*" limitation.  *Colmenares v. Braemar Country Club, Inc.*, 29 Cal 4th 1019 (Cal. 2003).  Conversely, another California court has explained "we may look to the cases from the Americans with Disabilities Act when interpreting the FEHA."  *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 224 n.7 (Cal. Ct. App. 2d Dist. 1999).  At this juncture it is not necessary for the Court to reach this question.

1    Plaintiff has alleged the following adverse employment actions: (1) failure to provide

2  adequate accommodations and failure to respond to requests for accommodations; (2) wrongful

3  termination; and (3) wrongful request for a medical examination.  The motion to dismiss argues

4  that Plaintiff has not adequately pled the first of these alleged adverse actions.[4]

5    Under both the ADA and FEHA, an employer's accommodation of disabled employees

6  involves two separate responsibilities.  Both § 12112(b)(5)(a) of the ADA and Cal. Gov't Code §

7  12940(m) create a duty to provide "reasonable accommodations . . . unless [the employer] can

8  demonstrate that the accommodation would impose an undue hardship on the operation of the

9  business of the [employer]."  42 U.S.C.  12112(b)(5)(a); *see also*  Cal. Gov't Code § 12940(m).

10  Additionally, under California law the employer must "engage in a timely, good faith, interactive

11  process with the employee or applicant to determine effective reasonable accommodations, if

12  any, *in response to a request* for reasonable accommodation . . ."  Cal. Gov't Code § 12940(n)

13  (emphasis added).  Plaintiff states claims under all three of these provisions.

14    Plaintiff alleges the following violation of 42 U.S.C.  12112(b)(5)(a) and Cal. Gov't Code

15  § 12940(m): "Plaintiff was able, within the thirty days allowed her, to find another position, but

16  when she requested accommodation, Defendant refused repeatedly and did not show that

17  accommodation for Plaintiff would impose an undue hardship on him . . . ."  SACC at ¶ 114.

18  Plaintiff's reference to a request suggests that this claim should be brought under Cal. Gov't

19  Code § 12940(n); however, given the ambiguity of the SACC, this is not entirely clear.  Because

20  no context provided for the statement there is no way to tell what accommodation Plaintiff

21  sought or when she sought it.  Plaintiff's a claim does not provide Defendant with sufficient

22

23    [4] It is not clear from Defendant's papers whether its accommodations argument was
advanced in support of the position that the *entire* second claim should be dismissed.  Because

24  the three adverse actions alleged by Plaintiff violate separate provisions of state and federal law,
two of the claims would survive dismissal of Plaintiff's accommodation claim.  The Court

25  recognizes that the organization of Plaintiff's SACC makes it difficult for Defendant to respond.
Accordingly, Plaintiff should amend her SACC so that each of the three current claims

26  constitutes a separate claim for relief.  This organization is necessary to comport with Federal
Rule of Civil Procedure Rule 8(e)(2).  *See Moffett v. Commerce Trust Co.*, 75 F. Supp. 303, 304

27  (reasoning that under Rule 8(e)(2) a complaint setting forth several claims should state each

28  claim in a separate count).

7

1   notice as to the conduct she is alleging.[5]

2       Plaintiff next claims that "Defendant refused to engage in an interactive process with

3   Plaintiff to find an effective and reasonable accommodation for her disabilities." *Id.* at ¶ 115.

4   Defendant has argued that this claim should be dismissed because Plaintiff has not identified any

5   specific accommodations that were requested and refused.  Plaintiff responds that she is not

6   required to identify specific requests in her pleadings.  Opposition at 10.  The Court agrees with

7   Defendant that a boilerplate statement is insufficient; Plaintiff must allege specific facts to

8   support her argument that Defendant did not engage in the requisite interactive process.

9   Elsewhere in the SACC, Plaintiff alleges that she asked that she be able to telecommute to work

10  on a full time basis, but this request was denied (instead Plaintiff was permitted to telecommute

11  on a part-time basis).  FACC at ¶ 66.  Additionally, Plaintiff asserts for the first time in her

12  opposition papers that she requested a recliner along with other accommodations.  Opposition at

13  10.  Again, Plaintiff must allege specific facts to support her claim.

14      Defendant also argues that Plaintiff in fact was accommodated because she was permitted

15  to telecommute part-time and paid leave subsequently was made available.  The Court cannot

16  analyze this argument until Plaintiff has provided clearer allegations regarding her requests.  The

17  Ninth Circuit has explained:

18      [T]he duty to accommodate is a continuing duty that is not exhausted by one
        effort. . . . [I]f a reasonable accommodation turns out to be ineffective and the
19      employee with a disability remains unable to perform an essential function, the
        employer must consider whether there would be an alternative reasonable
20      accommodation that would not pose an undue hardship.  Thus, the employer's
        obligation to engage in the interactive process extends beyond the first attempt at
21      accommodation and continues when the employee asks for a different
        accommodation or where the employer is aware that the initial accommodation is
22      failing and further accommodation is needed.

23  *Hummphrey . Mem'l Hosp. Ass'n*, 239 F. 3d 1128, 1138 (9th Cir. 2001).

24      Under both the ADA and FEHA, "*in appropriate circumstances*, reasonable

25  _____

26      [5]  Parties also dispute the cut-off point for Defendant's duty to Plaintiff.  Defendant
    argues that it did not owe a duty to Plaintiff after she was terminated.  Plaintiff responds that after
27  she was terminated Defendant had a duty prohibiting it from making her ineligible for rehire.
    The Court cannot address these arguments Plaintiff has amended her Complaint to more clearly
28  state the alleged behavior.

8

1   accommodation can include providing the employee accrued paid leave or additional unpaid

2   leave for treatment." *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 226 (Cal. Ct. App.

3   1999) (emphasis added).  However, leave is sufficient only if other accommodations would be

4   ineffective:

> [T]he leave accommodation is qualified.  As long as a reasonable accommodation
> available to the employer could have plausibly enabled a handicapped employee
> to adequately perform his job, an employer is liable for failing to attempt that
> accommodation.  In sum, a finite leave of absence has been considered to be a
> reasonable accommodation under the ADA, provided it is likely that following the
> leave the employee would be able to perform his or her duties.

*Id.*

### 3.   Third Claim

Plaintiff's statement of her third claim is as follows:

> Both the FMLA and the CFRA provide that an employer may not refuse the
> request of an employee to take leave if that employee meets the requirements of
> these laws.  But Plaintiff did not request to take leave, although Defendant
> fraudulently attempted to make it appear that she had.  These statutes nowhere
> allow the employer to require an employee to take leave in lieu of providing an
> accommodation which will enable the employee to continue work.

Opposition at 14.  This is not a proper claim.  Plaintiff has not alleged a violation of the

provisions grounding her claim and thus, has not shown that she is entitled to relief as required

under Rule 8(a)(2).  Because Plaintiff was not denied a request for leave, she may not state a

claim under these provisions.

### 4.   Fourth and Fifth Claims

Finally, Plaintiff asserts claims for breach of her employment contract and breach of an

implied covenant of good faith and fair dealing.  Defendant contends that because the conduct

alleged relates to disparate treatment during employment, it does not support either claim.

However, Plaintiff has made additional allegations that may support her claims.

#### a.   Termination for Reasons Other Than Good Cause

Under California Labor Code § 2922, "[a]n employment, having no specified term, may

be terminated at the will of either party on notice to the other."  However, the case law developed

under this statute has developed certain boundaries to its application; "while an at-will employee

may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to

9

1   terminate for an unlawful reason or a purpose that contravenes fundamental public policy."

2   *Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1094 (Cal. 1992).  Fundamental public policy is defined as

3   follows:

4   > First, the policy must be supported by either constitutional or statutory provisions
>   or regulations enacted under statutory authority.  Second, the policy must have

5   > been articulated at the time of the discharge.  Fourth, the policy must be
>   'fundamental' and 'substantial.' . . . The cases in which California courts have

6   > recognized a separate tort cause of action for wrongful termination in violation of
>   public policy generally fall into four categories, where the employee is discharged

7   > for: (1) refusal to violate a statute; (2) performing a statutory obligation; (3)
>   exercising (or refusing to waive) a statutory or constitutional right or privilege; or

8   > (4) reporting an alleged violation of a statute of public importance.

9   *Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal. App. 4th 1105, 1111-12 (Cal. Ct.

10  App. 2d Dist. 2000); *see also Wells v. Bd. of Trs. Of Cal. State. Univ.*, 393 F. Supp. 2d 990, 997

11  (N.D. Cal. 2005).  Although it she does not says so explicitly as part of her fourth claim, Plaintiff

12  has alleged that she was terminated because of her disability in violation of 42 U.S.C. §

13  12112(b)(5)(A) and Cal. Gov't Code § 12940(a).   SACC at ¶ 114.  Such a termination would

14  constitute a violation of public policy.  Accordingly, Plaintiff may amend her fourth claim to

15  incorporate the necessary allegations.

16          b.      Good Faith and Fair Dealing

17          Under certain circumstances, California courts recognize that an employee is protected by

18  an implied covenant of good faith and fair dealing:

19  > California law recognizes an implied covenant of good faith and fair dealing in
>   certain contracts that neither party will do anything to deprive the other of the

20  > benefit of the contract. . . . California courts have recently applied the duty created
>   by the implied covenant to the situation where the employee alleges no more than

21  > long service and the existence of personnel policies or oral representations
>   showing an implied promise by the employer not to act arbitrarily in dealing with

22  > its employees.

23  *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1318 (9th Cir. 1982).  Specifically, "the

24  California courts [have] derived, from the implied- in-law covenant of good faith and fair

25  dealing, a requirement, under certain circumstances, that an at- will employee can only be

26  discharged for just cause."  *Crossen v. Foremost-McKesson, Inc.*, 537 F. Supp. 1076, 1077 (N.D.

27  Cal. 1982).

28          Plaintiff alleges that she "was discharged from her positions for reasons extraneous to the

10

1   employment agreement, without good or sufficient cause, in violation of Defendant's policy to

2   deal consistently and fairly with its employees . . . ."  SACC at 146.  Additionally, Plaintiff's

3   *fourth* claim asserts the following:

> During the entire course of Plaintiff's implied-in-fact employment contract
> between Plaintiff and Defendants, there existed an implied-in-fact employment
> contract between Plaintiff and Defendants that . . . Plaintiff would not be demoted,
> discharged or otherwise disciplined, nor would Plaintiff's job functions be
> reassigned for other than good cause with notice thereof.  This employment
> contract was evinced by various written documents, commendations, oral
> representations to Plaintiff by Defendants' (sic) agents and employees . . . .

8   SACC at 136.  Plaintiff alleges that during her four years of employment, Defendant's personnel

9   policies and oral representations led her to believe that her employment status would only change

10  for good cause.  If proved this allegation would support a finding that an implied covenant of

11  good faith existed.  Accordingly, Plaintiff may incorporate the necessary allegation in her fifth

12  claim.

## IV.  ORDER

14          As the discussion on pages 1-4 of this order suggests, the Court has been exceedingly

15  patient with Plaintiff's attempts to plead her case,  in large part because Plaintiff is proceeding

16  without counsel.  However, there must be a limit to the number and scope of amendments

17  permitted.  Each time leave to amend is granted, Defendant incurs additional costs of defense,

18  and the delay resulting from the necessity of motion hearings works to the detriment of both

19  parties.  Accordingly, while leave to amend at this time will be granted, further requests for leave

20  will not be considered absent newly-discovered evidence.  Plaintiff should assume that her next

21  amendment to her pleadings will be her last.  Good cause therefor appearing, IT IS HEREBY

22  ORDERED that the motion to dismiss is GRANTED as set forth above.  Any amended

23  complaint should be filed within thirty (30) days of the date of this order.

25  DATED: November 20, 2007.

JEREMY FOGEL
United States District Judge

11

Case No. C 05-3387
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND
(JFLC1)

1   This Order has been served upon the following persons:

2

3   Patrick C. Doolittle          patrickdoolittle@quinnemanuel.com

4   Scott G. Lawson               scottlawson@quinnemanuel.com,
                                   robertchang@quinnemanuel.com

5   Notice will be delivered by other means to:

6   Mary Helen Woodson
    475 Milan Drive, #102
7   San Jose, CA 95134

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-3387
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART WITH LEAVE TO AMEND
(JFLC1)